UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **FELIPE LOPEZ-RAMOS** § | |
| § | |
| **Movant,** § | **CIVIL ACTION NO. 7:16-CV-00419** |
| VS. § | **CRIM ACTION NO. 7:15-CR-00616-01** |
| § | |
| **UNITED STATES OF AMERICA** § | |
| § | |
| **Respondent.** § | |

## REPORT AND RECOMMENDATION

Movant, Mr. Felipe Lopez-Ramos, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Civ. Dkt. No. 1). On January 6, 2017, the government responded. (Civ. Dkt. No. 6). Movant filed a reply on January 30, 2017. (Civ. Dkt. No. 7). On January 4, 2018, this case was referred to the undersigned magistrate judge for report and recommendation.

On October 9, 2018, the undersigned appointed counsel, Mr. Christopher Sully, to assist Movant in proceeding with his § 2255 claims. (Civ. Dkt. No. 10). On November 8, 2018, Movant, having the benefit of counsel, filed a motion for nonsuit seeking voluntary dismissal of this action. (Civ. Dkt. No. 15). For the reasons set out below, the undersigned respectfully recommends that Movant's Unopposed Motion for Nonsuit (Civ. Dkt. No. 15) be **GRANTED**, Movant's § 2255 motion (Civ. Dkt. No. 1) be **DISMISSED** without prejudice. Finally, it is recommended that the case be closed.

### I. BACKGROUND

On May 12, 2015, the government filed a single-count indictment against Movant for being unlawfully found in the United States after being previously denied admission, excluded, deported, and/or removed in violation of 8 U.S.C. § 1326(a)-(b). (Crim. Dkt. No 7). On July 2, 2015,

Movant pled guilty to the single count. (Crim. Dkt. Data Entry, dated July 2, 2015). Movant's plea was not accompanied by a plea agreement. (Crim. Dkt. No. 17 at 11, ¶ 47).

According to the pre-sentence investigation report ("PSR"), Movant's recommended sentence was calculated according to the 2014 United States Sentencing Commission Guidelines Manual ("U.S.S.G."). (Crim. Dkt. No. 17 at 4, ¶ 11). Movant began with a base level of 8 under U.S.S.G. § 2L1.2(a). Movant received a 16-level enhancement for federal drug trafficking conviction in the District of New Mexico under U.S.S.G. § 2L1.2(b)(1)(A)(i). (*Id.* at ¶ 13). Movant received a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and at his sentencing, the Court granted the government's motion for an additional 1-level reduction under U.S.S.G. § 3E1.1(b). (Crim. Dkt. No. 17 at 5, ¶ 18; Crim. Dkt. No. 23 at 1). Based on a total offense level of 21 and a criminal history category of III, the overall recommended sentencing range was 46 to 57 months' imprisonment. (Crim. Dkt. No. 23 at 1). On September 24, 2015, the Honorable United States District Judge Micaela Alvarez sentenced Movant to a 46-month term of imprisonment, with no term of supervised release, and a $100 special assessment. (Crim. Dkt. Data Entry, dated Sept. 24, 2015).

Movant did not appeal. On July 11, 2016, Movant timely filed his § 2255 motion.[1] *See* 28 U.S.C. § 2255(f)(1). On October 9, 2018, the undersigned appointed counsel, Mr. Christopher Sully, to assist Movant in proceeding with his § 2255 claims. (Civ. Dkt. No. 10). On November 8, 2018, Movant, having the benefit of counsel, filed a motion for nonsuit seeking voluntary dismissal of this action. (Civ. Dkt. No. 15). On November 9, 2018, the undersigned held a hearing

---

[1] "[P]ro se prisoners' filings are governed by the mailbox rule. Thus, they are deemed 'filed as soon as the pleadings have been deposited into the prison mail system.'" *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011). Movant declares under penalty of perjury that he placed his § 2255 motion in the prison mail system on July 11, 2016. (Civ. Dkt. No. 1 at 12).

in the underlying matter. Finally, on December 7, 2018, Movant was released from the custody of the Federal Bureau of Prisons ("BOP").

## II. SUMMARY OF THE PLEADINGS

Movant presents three grounds for relief in his § 2255 motion.[2] First, Movant contends that his attorney was ineffective because he failed to file a notice of appeal.[3] (Civ. Dkt. No. 1 at 3-4). To this point, Movant explains that his trial attorney visited Movant at the detention center soon after the sentencing hearing, and Movant directed his trial attorney to file a notice of appeal. (*Id.*). Second, regarding his sentencing, Movant asserts that his attorney was ineffective because he failed to argue and file documents for a downward departure based on the mitigating circumstances surrounding Movant's reentry.[4] (*Id.* at 5). Specifically, Movant asserts that his attorney should have argued that Movant only reentered the country to better care for his ill son and present to the Court related hospital records to corroborate his reasonings.[5] (*Id.*). Finally,

---

[2] "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). To obtain relief, Movant must typically show: "(1) his sentence was imposed in violation of the Constitution or Laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

[3] Movant also asserts that upon the Court informing him of his right to appeal, he informed the District Judge that he wished to do so. (Civ. Dkt. 1 at 4). The undersigned finds no such statement in the record.

[4] In Movant's written objections to the Presentence Investigation Report, Movant's attorney requested that the Court depart downward, in part, because Movant reentered the country to reunite with his family. (Crim. Dkt. No. 16). The Presentence Investigation Report supports this point. (Crim. Dkt. No. 17 at 4). The Court, at sentencing, acknowledged Plaintiff's reasons for reentry. (Crim. Dkt. No. 32 at 5-7).

[5] Movant asserts he would have received a shorter sentence had his attorney filed a "motion for a downward departure" supported by hospital records that Movant reentered the country to reunite with his sick son. (Civ. Dkt. No. 7 at 2). At sentencing, Movant told Court that his son was ill. (Crim. Dkt. No. 32 at 6). Movant does not explain why filing a motion, accompanied by his son's hospital records would have led to a reasonable likelihood of success. The Court was made aware of the circumstances surrounding Movant's reentry. There is no reason to suspect that cumulative arguments and evidence on this issue would have resulted in a shorter sentence.

Movant asserts that his attorney was ineffective for failing to argue that Movant's sentence was unreasonable.[6] (*Id.* at 6).

## III. APPLICABLE LAW AND ANALYSIS

On November 8, 2018, Movant filed his "Unopposed Motion for Nonsuit." (Dkt. No. 15). Courts typically treat a motion for nonsuit the same as a motion for voluntary dismissal and analyze the motion according to Rule 41(a) of the Federal Rules of Civil Procedure. *See, e.g.*, *Slocum v. Livington*, No. 11-CV-486, 2012 WL 2088953, at *13, *16 (S.D. Tex. June 8, 2012).

Rule 41(a)(2) indicates that the action may be dismissed "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).[7] Generally, the Court should grant a request for voluntary dismissal "unless the [opposing party] will suffer some legal harm." *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). In assessing whether the opposing party will experience prejudice, the undersigned considers "the stage at which the [voluntary] motion to dismiss is made." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). The undersigned finds no risk of prejudice to the Respondent if the action is dismissed at this stage.

Here, Movant requested the Court dismiss the action in lieu of a scheduled evidentiary hearing. At the November 9th hearing, Movant's counsel explained that he has met with Movant and discussed his § 2255 motion. (November 9th Hearing at 9:13 a.m.). Counsel stated that his client's ultimate goal was to appeal his case to obtain a reduced sentence. (*Id.*). Counsel stated

---

[6] Movant's attorney filed written objections to the Presentence Investigation Report; in these objections, Movant's attorney already asserted that the 16-level increase under U.S.S.G. § 2L1.2(b)(1)(a)(i) was too severe. (Crim. Dkt. No. 16). The Fifth Circuit has held that when a court sentences a defendant to a term of imprisonment within the guideline range, that sentence is presumptively reasonable. *United States v. Alanzo*, 435 F.3d 551, 554 (5th Cir. 2006). Movant's counsel operated well within the wide range of professional assistance by declining to raise a meritless objection. *Preston*, 209 F.3d at 785.

[7] Because the government has already filed its response in this case and there is no stipulation of dismissal which is signed by all parties, the motion is analyzed under Rule 41(a)(2) rather than subsection (a)(1)(A).

that, since Defendant's release date is scheduled before an appeal could be taken, it would render any potential sentencing issues moot. (*Id.*). The undersigned then reiterated counsel's representations to Movant and clarified to him that, if Movant were to be given the opportunity to file an appeal, Movant would also be able to raise issues attacking his conviction even though he would have already been released from the BOP's custody. (*Id.* at 9:17-18 a.m.). Movant stated, on the record, that he understood and wished to withdraw his motion with the Court. (*Id.*).

## IV. CONCLUSION

### *Recommended Disposition*

For the foregoing reasons, the undersigned respectfully recommends that Movant's Motion for Nonsuit (Dkt. No. 15) be **GRANTED** and that his § 2255 motion (Civ. Dkt. No. 1) be **DISMISSED** without prejudice.[8] It is further recommended that the case be closed.

### *Certificate of Appealability*

Granting Movant's motion for nonsuit is not subject to the certificate of appealability requirement. The Rules Governing Section 2255 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, The Rules Governing Section 2255 Proceedings. "Generally, an order of voluntary dismissal without prejudice entered at the plaintiff's request is not an involuntary adverse judgment." *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990). "This can easily be understood since the plaintiff has acquired that which he sought . . . ." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976). Additionally, granting a voluntary dismissal is not an order addressing the merits of his § 2255 motion. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (A certificate of appealability is required for "final orders that dispose of the

---

[8] Motions for voluntary dismissal under Rule 41 are typically "without prejudice." *See* Fed. R. Civ. P. 41(a)(1)(B), (2).

merits of a habeas corpus proceeding—a proceeding challenging the lawfulness of the petitioner's detention.").

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 10th day of January, 2019, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge